UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No. 1:06:CR:291

HONEST LEE REEVES and                  HON. GORDON J. QUIST
DEXTER LENOTLUS REEVES,

      Defendants.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

      The Defendants, Honest Lee Reeves and Dexter Lenotlus Reeves, have moved to suppress the evidence obtained during a search of the rental car driven by Honest following their detention for speeding. Honest Lee Reeves further seeks to suppress his post-arrest inculpatory statements as fruit of the unreasonable stop, search and seizure.

**Findings of Fact**

      On November 12, 2006, Michigan State Police Trooper Ryan Schoonveld was traveling West on I-94 in Berrien County, Michigan. He was driving a tan vehicle with markings on the license plate and on the passenger side door which showed that the vehicle was a Michigan State Police vehicle. The vehicle had no lights on top. It did have lights on the inside of the vehicle. The vehicle could not be recognized from behind as a state police vehicle until the following vehicle got fairly close to Trooper Schoonveld's vehicle. Trooper Schoonveld was traveling at about 75 miles per hour.

While he was driving, Trooper Schoonveld observed a Dodge Durango pull up behind him and suddenly slow down. Trooper Schoonveld then slowed down to between 60 and 65 miles per hour, whereupon the Durango passed him. After the Durango passed him, other vehicles on the highway got between Trooper Schoonveld and the Durango, but Trooper Schoonveld was able to see the Durango from time to time, followed the Durango for 20 to 30 seconds and clocked the Durango at about 80 miles per hour. Thereupon, Trooper Schoonveld stopped the Durango for speeding.

Trooper Schoonveld then approached the passenger side of the Durango. Upon command, the passenger, Dexter Reeves, rolled down the window. Marijuana had been smoked in the vehicle earlier that day, and Trooper Schoonveld smelled the odor of burnt marijuana. At that point, Trooper Schoonveld decided to search for contraband, but he wanted police back-up. Trooper Schoonveld requested documents from Honest and Dexter Reeves, and these men provided the documents – rental agreement and drivers license. It turned out that the rental agreement permitted use of the vehicle only in Georgia and Alabama, and only the passenger, Dexter, was authorized to drive the vehicle. A check with LEIN (Law Enforcement Information Network) showed that the Defendants' drivers licenses were valid and neither defendant was being sought by police. Trooper Schoonveld called for police backup.

Trooper Schoonveld returned to the vehicle and asked Honest, the driver, to move to the back of the vehicle. He had a conversation with Honest and asked whether he, Trooper Schoonveld, could search the vehicle. The Court is not clear as to exactly what was said during the conversation, but Honest said something that indicated to Trooper Schoonveld that he had consent to search the vehicle.

Trooper Schoonveld searched the vehicle. In the back, by the third row of seats, Trooper Schoonveld found three backpacks. He opened the backpacks and found a large quantity of illegal drugs. Subsequently, a marijuana blunt was found on Dexter Reeves.

While at the state police post following his arrest, Honest informed Trooper Schoonveld that he purchased the drugs in Detroit and was taking them to Alabama. Honest also indicated that Dexter was involved with the purchase.

At the hearing, Honest admitted to driving in excess of the posted speed limit. Honest also admitted that he smoked marijuana in the Durango earlier on the same day of his arrest. Honest denied ownership of a blue backpack, but admitted ownership of a brown backpack.

## Conclusions of Law

The Government claims that Trooper Schoonveld had probable cause to search the vehicle because he smelled burnt marijuana in the vehicle and that Honest Lee Reeves gave the trooper consent to search the vehicle. The Defendants challenge the search on the basis that: (1) the initial traffic stop was unreasonable; (2) there was no probable cause to search the Durango, and Honest never gave consent to a search; and (3) there was no probable cause or consent to search the backpacks within the Durango.

First, Trooper Schoonveld legally stopped the vehicle. Trooper Schoonveld paced the Durango traveling at 80 miles per hour in a 70 miles per hour zone, and Honest admitted to the Court that he was speeding. A "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772 (1996). *See United States v. Townsend*, 305 F.3d 537, 541 (6th Cir. 2002) ("A police officer may effect a traffic stop of any motorist for any traffic infraction, even if

3

the officer's true motive is to detect more extensive criminal conduct.") (citing *United States v. Mesa*, 62 F.3d 159, 162 (6th Cir.1995)).

Second, Trooper Schoonveld had probable cause to search the Durango based on his smelling burnt marijuana within the vehicle. "The smell of marijuana alone constitutes probable cause to believe that drugs are in the vehicle and will justify searching without a warrant." *United States v. $188,170.00 in U.S. Currency*, 69 F. App'x 714, 716 (6th Cir. 2003) (citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir.1993)). *See also United States v. Foster*, 376 F.3d 577, 583-84, 588 (6th Cir. 2004) (finding that the odor of marijuana emanating from a vehicle provided officers with probable cause to search the vehicle, regardless of "[w]hether it was burnt or fresh-smelling marijuana"); *United States v. Jackson*, 63 F.App'x 839, 842 (6th Cir. 2003) (the smell of marijuana coming from inside a vehicle during a reasonable stop provided probable cause to search the vehicle); *United States v. Taylor*, 162 F.3d 12, 21 (1st Cir. 1998) (detection of a "strong odor" of marijuana emanating from a vehicle provided probable cause to search the vehicle). As in the cited cases, here Trooper Schoonveld smelled burnt marijuana emanating from the Durango.[1] Therefore, Trooper Schoonveld had probable cause to search the vehicle.

Additionally, Trooper Schoonveld asked Honest Lee Reeves for consent to search the Durango, and Honest made some statement consenting to the search. Honest, as the driver of the Durango, had authority to consent to a search of the Durango. *See United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988 (1974); *United States v. Morales*, 821 F.2d 396, 399 (3d Cir. 1988) ("Under the *Matlock* test, a driver of the vehicle has the authority to consent to a search of that vehicle.").

---

[1] Honest admitted to the Court that he smoked marijuana in the Durango hours before he was stopped by Trooper Schoonveld. It would not have been unreasonable to assume that the bag or other container of fresh marijuana from which the "burnt" marijuana was taken was still in Defendant's vehicle.

Finally, Trooper Schoonveld had authority to search the backpacks in the vehicle. The Supreme Court in *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct 2157, 2173 (1982), stated: "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of that vehicle and its contents that may conceal the object of the search." Similarly in *Wyoming v. Houghton*, 525 U.S. 295, 119 S.Ct. 1297 (1999), the Court determined that a search of a vehicle extended to everything within the vehicle, including bags or containers belonging to passengers. In *Houghton*, a police officer stopped an automobile for speeding and driving with a faulty brake light. Upon making contact with the driver, the officer noticed a syringe in the driver's shirt pocket. The officer removed the driver from the vehicle and asked the driver what the syringe was for, to which the driver replied that it was for drugs. Based on this admission, the officer searched the car and its contents, including a purse belonging to a passenger. Inside the purse the officer found a separate brown pouch, of which the purse owner denied ownership, and a black container, of which the passenger acknowledged ownership. The black container held a syringe containing methamphetamine. The Court rejected the passenger's argument that an officer having probable cause to search a vehicle lacks the authority to search a passenger's belongings, for the reason that any container within the car, regardless of ownership, "may contain the contraband that the officer has reason to believe is in the car." *Id*. at 307, 119 S.Ct. at 1304.

Honest claims that the backpack containing the drugs did not belong to him, and that he did not know who owned it. However, under *Houghton*, Trooper Schoonveld had probable cause to search the bags regardless of their ownership, because they may have contained the marijuana that he had probable cause to believe was in the Durango.

Consent to search a vehicle extends to containers therein that may contain the object of the search. *Florida v. Jimeno*, 500 U.S. 248, 249, 111 S.Ct. 1801, 1803 (1991). "'When law enforcement officers rely upon consent as the basis for a warrantless search, the scope of the consent given determines the permissible scope of the search.'" *United States v. Garrido-Santana*, 360 F.3d 565, 575 (6th Cir. 2004) (quoting *United States v. Gant*, 112 F.3d 239, 242 (6th Cir. 1997)). When Honest Reeves consented to the search of the Durango, he thereby consented to the search of the backpacks in the car. There is no indication that Honest expressly placed any limitation on the search or objected to the search of the backpacks. *See id*. at 576; *Jimeno*, 500 U.S. at 251, 111 S.Ct. at 1804. Furthermore, the backpacks were located within the same compartment as the Defendants, rather than being located in a trunk or other less accessible compartment.

There being no poisonous tree, the fruits thereof – Honest Reeves' statements – are admissible.

## **Conclusion**

For the reasons set forth above, the Court will deny Defendants' motions to suppress.

An Order consistent with this Opinion will be entered.


Dated:  April 27, 2007                                           /s/ Gordon J. Quist                
                                                           GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE